IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**DAVID THOMPSON**                                                                          **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO.  3:13CV756 HTW-LRA**

**CHRISTOPHER EPPS**                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner David Thompson filed a petition for writ of habeas corpus relief on October 23, 2013.  Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  Alternatively, Respondent argues that the instant petition should be dismissed for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254.  The Court recommends that the petition be dismissed for the reasons that follow.

Petitioner Thompson was sentenced to serve consecutive prison terms in the custody of the Mississippi Department of Corrections following his conviction in the Circuit Court of Pike County, Mississippi, on two counts of drug possession with the intent to distribute within 1500 feet of a church.  On Count I, for the possession of and intent to distribute marijuana, he was sentenced to 20 years, with 5 years suspended and 15 years to serve followed by 5 years of post-release supervision.  On Count II, for the possession of and intent to distribute cocaine, he was sentenced to a consecutive term of 15 years, with 5 years suspended and 10 years to serve followed by 5 years of post-

release supervision, *Thompson v. State*, 33 So.3d 542 (Miss. Ct. App. 2010). On April 27, 2010, Thompson's convictions and sentences were affirmed by the Mississippi Court of Appeals on direct appeal. *Id.* Thompson did not file a petition for rehearing, forfeiting his right to seek further discretionary review. M.R.A.P. 40(a); *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). On August 29, 2013, he filed an application for leave to proceed with a motion for post-conviction relief, which was denied by the Mississippi Supreme Court as procedurally barred and untimely on October 31, 2013. He filed the instant federal petition on December 4, 2013.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1]ECF No. 5-1–5-3.

2

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Thompson's conviction became final on May 11, 2010, 14 days after the Mississippi Court of Appeals affirmed his conviction and sentence on April 27, 2010. Although he failed to timely seek a petition for rehearing in state court, he is credited with the 14-day time period allowed for seeking a petition for rehearing under Rule 40(a) of the Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d at 693-94. Thus, to toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before May 11, 2011. Because he did not file his motion for post-conviction relief until August 29, 2013, AEDPA's one-year

statute of limitations ran uninterrupted from May 11, 2010, to May 11, 2011.  Absent statutory or equitable tolling, his federal habeas petition filed on December 4, 2013 (signed on November 27, 2013), more than two years after the statute of limitations expired, is untimely.

Thompson has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *Holland*, 130 S.Ct. at 2562. In the absence of any evidence warranting statutory or equitable tolling, Thompson's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.  Because the Court so finds, it declines to address Respondent's alternative argument that Petitioner has also failed to exhaust his state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of April, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE